UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IMARFER US, LLC,

                                      Plaintiff,        Case # 22-CV-6235-FPG

v.                                                             DECISION AND ORDER

C4 LIVE,

                                      Defendant.

## INTRODUCTION

On March 14, 2024, the Clerk of Court entered a default against Defendant C4 Live after Defendant failed to comply with Magistrate Judge Marian W. Payson's order to obtain new counsel and file a notice of appearance by February 9, 2024. ECF Nos. 44, 47, 48. On March 19, 2024, the Court received a letter from Plaintiff Imarfer US, LLC requesting that the Court enter default judgment against Defendant C4 Live. ECF No. 49. Plaintiff argues that it is entitled to default judgment because it seeks a sum certain, consisting of contract damages amounting to $346,460.14 and attorney's fees equal to twenty-five percent of that amount, $86,615.04, for a total of $433,075.18. *See* ECF No. 49 at 2. The Court construes Plaintiff's letter as a request for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). As explained below, Plaintiff's request is DENIED without prejudice.

## DISCUSSION

Under Federal Rule of Civil Procedure 55,

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

1

Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Plaintiff argues that because its claim is for a sum certain, "additional motion practice or application is not necessary."  ECF No. 49 at 2.  The Court disagrees.

Plaintiff's request for default judgment falls outside the scope of Rule 55(b)(1) for two reasons: (1) Defendant has not defaulted for not appearing and (2) Plaintiff's claim is not for a "sum certain."

To begin, Defendant appeared in this action when it filed its answer, ECF No. 17, on February 23, 2023.  Defendant later defaulted by failing to obtain new counsel as directed by Magistrate Judge Payson.  *See First Tech. Cap., Inc. v. Airborne, Inc.*, 378 F. Supp. 3d 212, 216–17 (W.D.N.Y. 2019) (concluding that corporate defendant was in default for its failure to otherwise defend where it did not secure counsel and file a notice of appearance by court's deadline).  Where, as here, a party has "appeared in the action and later defaults, Rule 55(b)(2) requires the court, rather than the clerk to enter the judgment by default."  *Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 251 n.1 (E.D.N.Y. Feb 26, 2010) (quoting 10A Wright, Miller & Kane, Fed. Prac. & Proc. § 2686); *see e.g.*, *Ahn v. Inkwell Publ'g Sols., Inc.*, No. 10 Civ. 8726, 2012 WL 1059679, at *1 n.1 (S.D.N.Y. Mar. 29, 2012) (noting that waiver of service constituted an appearance for purposes of Rule 55); *Diversified Fin. Sys., Inc. v. Tomich Corp.*, No. 95 CV 4211, 1997 WL 177873, at *2 (E.D.N.Y. Mar. 28, 1997) (requiring plaintiff to comply with notice requirements of Rule 55(b)(2) for appearing parties where defaulting defendants appeared through counsel but did not answer complaint).  Accordingly, Plaintiff must apply to the Court for a default judgment and follow the procedures set out in Rule 55(b)(2).

Further, even if Defendant had defaulted by failing to appear, the Court would still require Plaintiff to apply for default judgment pursuant to Rule 55(b)(2) because Plaintiff's claim is not

2

for a sum certain. For the purposes of Rule 55(b)(1), "[a] 'sum certain' is a sum which is susceptible to reliable computation or determined by the court after an accounting." *Houghtaling v. Down*, 559 F. Supp. 3d 158, 160 n.1 (W.D.N.Y. 2021) (quoting *Ins. Co. of N. Am. v. S/S Hellenic Challenger*, 88 F.R.D. 545, 548 (S.D.N.Y. 1980)). "Attorneys' fees are not 'sums certain' under Rule 55(b)(1)." *451 Marketing, LLC v. Namco, LLC*, No. 17-CV-1927, 2019 WL 11894409, at *3 (D. Conn. Sept. 30, 2019). A fee award requires a "judicial determination as to what constitutes reasonable fees." *Id.*; *see also Ace Grain Co. v. Am. Eagle Fire Ins. Co.*, 11 F.R.D. 364, 366 (S.D.N.Y. 1951). The fact that Plaintiff has identified a purportedly reasonable amount of fees does not change this. *See Bellet v. City of Buffalo*, No. 03-CV-27, 2010 WL 3522224, at *3 (W.D.N.Y. Sept. 8, 2010) ("A claim does not become certain merely because the complaint . . . identifies a purported total." (quoting 10 Moore's Fed. Prac. § 55.20[3] (3d ed. 2010))). Plaintiff's request for attorney's fees therefore precludes default judgment under Rule 55(b)(1). *Id.*

The Court therefore declines to enter a default judgment against Defendant under Rule 55(b)(1). If Plaintiff wishes to obtain a default judgment, it must follow the procedures set out in Rule 55(b)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff's request for default judgment (ECF No. 49) is DENIED without prejudice. Plaintiff may move for default judgment pursuant to Rule 55(b)(2) on or before April 24, 2024.

IT IS SO ORDERED.

Dated: March 25, 2024
      Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      United States District Judge
                                      Western District of New York