UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IRMARFER US, LLC,

                                      Plaintiff,

                                                                                 Case # 22-CV-06235-FPG

v.

                                                                                   DECISION AND ORDER

C4 LIVE,

                                      Defendant.
_____

## INTRODUCTION

On March 14, 2024, the Clerk of Court entered a default against Defendant C4 Live after Defendant failed to comply with Magistrate Judge Marian W. Payson's order to obtain new counsel by February 9, 2024. ECF Nos. 44, 47, 48. On March 19, 2024, the Court received a letter from Plaintiff Irmarfer US, LLC requesting that the Court enter default judgment against Defendant C4 Live. ECF No. 49. The Court construed Plaintiff's letter as a request for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). Plaintiff's request was denied without prejudice. ECF No. 50.

On April 11, 2024, Plaintiff filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 54. Plaintiff argues that it is entitled to contract damages amounting to $346,460.14 and attorney's fees equal to twenty-five percent of that amount, $86,615.04, for a total of $433,075.18. *See* ECF No. 54-1 ¶ 12. For the reasons that follow, Plaintiff's request is DENIED without prejudice and Plaintiff is granted leave to amend its complaint.

1

## BACKGROUND

The present case revolves around a contract dispute between Irmarfer US, LLC and C4 Live. It is undisputed that the parties entered into a contract related to an event that was to take place in Augusta, Georgia, in 2022. ECF No. 15-1 at 3. The total cost set forth in the contract was $748,454.04, and Defendant paid Plaintiff $194,613.51 prior to the alleged breach. ECF No. 16 ¶¶ 14, 18, 19, 20; ECF No. 17 ¶¶ 1, 4. Plaintiff alleges that on March 10, 2022, Defendant contacted Plaintiff by email and advised that it was giving "notice of the cancellation" of the contract. ECF No. 16 ¶ 12. Plaintiff further alleges that Defendant did not, and has never, given a justification within the terms of the contract that would permit such a cancellation. *Id.* ¶ 13.

In April 2022, Plaintiff brought the present action in state court, which was later removed to this Court on the basis of diversity jurisdiction. ECF No. 15. On July 12, 2022, Plaintiff filed an amended complaint. ECF No. 16. In its complaint, Plaintiff sought damages related to Defendant's alleged breach of contract. *Id.* ¶¶ 16, 17, 27. Specifically, it sought $371,153.37 in out-of-pocket costs in furtherance of the contract; $169,920.28 in lost gross profits; and $86,615.04 in attorney's fees. *Id.*

On March 14, 2024, the Clerk of Court entered a default against Defendant after Defendant failed to comply with Magistrate Judge Marian W. Payson's order to obtain new counsel by February 9, 2024. ECF Nos. 44, 47, 48. On March 19, 2024, the Court received a letter from Plaintiff, which it construed as a request for default judgment pursuant to Rule 55(b)(1). ECF No. 49. On March 25, 2024, the Court denied Plaintiff's request for default judgment under Rule 55(b)(1).[1] ECF No. 50. Plaintiff's request was denied without prejudice because it fell outside of

---

[1] Subsection (b)(1) reads: "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount

the scope of Rule 55(b)(1) for two reasons: (1) Defendant had not defaulted for not appearing and (2) Plaintiff's claim was not for a "sum certain." ECF No. 50 at 2.

On April 11, 2024, Plaintiff filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 54. Plaintiff argues that it is entitled to contract damages amounting to $346,460.14 ($541,073.65 in out-of-pocket costs and lost gross profits minus $194,613.51 paid by Defendant prior to the alleged breach) and attorney's fees equal to twenty-five percent of that amount, $86,615.04—for a total of $433,075.18. *See* ECF No. 54-1 ¶ 12.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 addresses defaults and default judgments. *See generally Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear and is not [a minor] or incompetent person." *N.Y. v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal citation omitted). A sum certain is "a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, Rule 55(b)(2) governs, and it requires a party seeking a judgment by default to apply to the court for entry of a default judgment." *Green*, 420 F.3d at 104 (internal citation and quotation marks omitted).

Even when the Clerk of the Court has entered a default, that "does not mean that default judgment is automatically warranted." *Farrington v. Fingerlakes1.com, Inc.*, No. 19-cv-6802, 2020 WL 7350336, at *2 (W.D.N.Y. Dec. 15, 2020) (citing *Bricklayers & Allied Craftworkers Loc.*

---

and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

*2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)). In deciding whether to enter a default judgment, courts first address whether "liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers*, 779 F.3d at 187.

If liability is established, courts then must determine the proper amount of damages, which typically requires evidentiary support. *Id*. ("[A] party's default… is not considered an admission of damages." (internal quotation mark omitted)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court therefore must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted).

## DISCUSSION

Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2). The Court first evaluates whether Plaintiff's allegations, taken as true, establish Defendant's liability as a matter of law. Second, the Court assesses Plaintiff's request for damages.

### I.     Liability

The Court concludes that Plaintiff's factual allegations, taken as true, do not establish Defendant's liability as a matter of law. The Court cannot simply accept at face value that a defendant is liable. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court…. Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc*., No. 03-cv-0084E(F), 2004 WL 912916, at *1 (W.D.N.Y. Apr. 1, 2004) (internal citations and

quotations omitted); *see also Enron Oil Corp.*, 10 F.3d at 95–96. It is "the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases).

A federal court sitting in diversity, such as in the instant action, must apply the substantive law of the state in which it sits.[2] *See Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Under New York State law, a party can prevail on a breach of contract claim by demonstrating that: (1) "a contract exists"; (2) "plaintiff performed in accordance with the contract"; (3) "defendant breached its contractual obligations"; and (4) "defendant's breach resulted in damages." *34-06 73, LLC, et al. v. Seneca Ins. Co.*, 198 N.E.3d 1282, 1287 (N.Y. 2022). Even when a repudiating party's actions relieve a plaintiff of its obligation to tender performance, a plaintiff is still required to show that it was ready, willing and able to perform in accordance with the contract to satisfy the second element. *See Trilegiant Corp. v. Orbitz, LLC*, 993 N.Y.S.2d 462, 466 (N.Y. Sup. Ct. 2014) (citing *Madison Investments, Inc. v. Cohoes Association*, 574 N.Y.S.2d 980, 982 (N.Y. App. Div. 1991)).

In the present case, Plaintiff has satisfied three of the four elements of a breach of contract claim. Plaintiff has alleged that a contract existed between the two parties for Plaintiff to provide infrastructure to Defendant for an event in 2022. ECF No. 16 ¶ 8, 9. Plaintiff has also alleged that Defendant breached its contractual obligations by cancelling the contract without providing a justification within the terms of the contract. *Id.* ¶¶ 12, 13. Plaintiff has further alleged that

---

[2] The contract at issue in this case includes terms that the "agreement is governed by and will be construed in accordance with the law of the State of New York." ECF No. 16-1 at 6. Because New York law would apply regardless of the validity of this provision, the Court need not address it.

Defendant's breach of contract resulted in damages related to the costs Plaintiff expended in furtherance of the contract and lost gross profits. *Id.* ¶¶ 16, 17.

However, Plaintiff has failed to allege that it performed in accordance with the contract or that it was ready, willing and able to perform. It is clear from the complaint that Plaintiff was to provide items such as double-decker tents for an event, with a setup date of March 7. But it is not clear whether it provided any of the items outlined in the contract prior to Defendant's cancellation on March 10. Indeed, the amended complaint's only allegations related to its performance are that it incurred costs related to logistics and advanced planning over a period of almost two years. *See id.* ¶¶ 11, 17. This is insufficient to allege that Plaintiff performed in accordance with the contract, insofar as neither the invoice nor terms of the agreement set forth any obligations regarding advance logistics. It is therefore unclear whether that was a part of performance.

It may well be that at the time Defendant cancelled the contract, Plaintiff's only required performance was that it be ready, willing and able to provide the equipment Defendant requested at a later date. Nevertheless, to meet its burden to establish Defendant's liability as a matter of law, Plaintiff must specifically allege what the contract required it to do prior to Defendant's alleged breach and what it did to perform in accordance with those requirements prior to the alleged breach. Even if its only performance was that it be ready, willing and able to perform, it still must specifically allege as much in its complaint to establish liability as a matter of law. *See Grice v. McMurdy*, 498 F. Supp. 3d 400, 409 (W.D.N.Y. 2020) (holding that because the plaintiff failed to include specific allegations to support each element of his breach of contract claim he had not established liability as a matter of law).

As Plaintiff has failed to establish Defendant's liability as a matter of law, the Court cannot grant default judgment under Rule 55(b)(2). However, the Court will permit Plaintiff to file an

amended complaint in which it must include the necessary facts, if they exist, to establish liability. Any such amended complaint is due **by December 2, 2024.**

## II. Damages

Even if Defendant's liability had been established as a matter of law, the Court would be unable to determine the proper amount of damages, as Plaintiff has not provided sufficient information for the Court to make a determination with reasonable certainty. Plaintiff has requested contractual damages as well as attorney's fees. The Court discusses each request below.

### a. Contract Damages

First, Plaintiff is seeking damages of $371,153.37 for out-of-pocket costs in furtherance of the contract and $169,920.28 in lost gross profits as a result of the alleged breach of contract. ECF No. 16 ¶¶ 16, 17. The total amount of contractual damages sought is $346,460.14, as Defendants had paid $194,613.51 prior to the alleged breach. ECF No. 16 ¶ 23. In a motion for default judgment, the plaintiff has the burden of supplying "details or evidence that would allow the Court to determine damages with reasonable certainty." *Smith v. Wilson*, No. 15-cv-01215, 2016 WL 11295453, at *2 (D. Conn. Sept. 12, 2016). The Court may not just accept a Plaintiff's statement of the damages because it would not "satisfy the court's obligation to ensure that the damages were appropriate." *Transatlantic Marine Claims Agency, Inc. v. Ace Ship. Corp. Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997). Damages must be based on admissible evidence. *See House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x. 206, 207 (2d Cir. 2010) (summary order).

In the present case, Plaintiff states in its complaint that it had "already expended $371,153.37 in furtherance of the contract," and "the gross profit to the Plaintiff in this contract would have been in the amount of $169,920.28." ECF No. 16 ¶¶ 16, 17. Plaintiff appears to argue that no further evidence of the damages is needed because the suit is for a sum certain. ECF No.

54-6 at 2. The Court disagrees. "A claim does not become certain merely because the complaint or affidavit identifies a purported total." *Bellet v. City of Buffalo*, No. 03-cv-27, 2010 WL 3522224, at *3 (W.D.N.Y. Sept. 8, 2010) (quoting 10 Moore's Fed. Prac. § 55.20[3] (3d ed. 2010)). Therefore, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc.,* 183 F.3d at 155.

There are no hard and fast rules as to what constitutes adequate documentation of damages for default judgment. *See 451 Marketing, LLC v. Namco, LLC*, No. 17-cv-01927, 2019 WL 11894409, at *5 (D. Conn. Sept. 30, 2019). Thus, in the present case, the Court cannot say exactly what documentation would adequately support the damages alleged by Plaintiff. However, Plaintiff would at least need to provide admissible evidence as to how the damages were calculated and provide documentation to support the numbers used in the calculation. *See id.* (suggesting that adequate evidence of damages related to a default judgment for unpaid fees and expenses would likely include "a detailed and transparent calculation of the overdue amount, invoices indicating the services that were provided and the amounts that were billed, accounting records indicating which invoices remain unpaid, and an affidavit providing a narrative tying these materials together").

In sum, Plaintiff's statement of damages found in both its complaint (ECF No. 16) and Motion for Default Judgment (ECF No. 54) is insufficient for the Court to determine the proper amount of contract damages. For the Court to determine damages with reasonable certainty, Plaintiff must provide admissible evidence supporting the damages requested. Given the back-and-forth between Plaintiff and the Court, the Court believes that further motion practice regarding the amount of contractual damages to be awarded would be unproductive. Therefore, if Plaintiff files

an amended complaint establishing Defendant's liability as a matter of law, the Court will schedule a hearing to determine the appropriate damages pursuant to Rule 55(b)(2). At the hearing, Plaintiff will be required to present admissible evidence to support its calculation of damages, including any witnesses that can attest to the amount and how the damages were calculated.

### b. Attorney's Fees

Second, Plaintiff is seeking attorney's fees in the amount of $86,615.04. In a diversity action, "state law governs the issue of counsel fee availability." *Kaplan v. Rand*, 192 F.3d 60, 70 (2d Cir. 1999). State law also governs the calculation of attorney's fees, if awarded. *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53–54 (2d Cir. 1992) (endorsing the use of state law to calculate attorney's fees in a diversity action). Under New York State law, "generally, in a breach of contract case, a prevailing party may not collect attorneys' fees from the nonprevailing party unless such award is authorized by agreement between the parties, statute or court rule." *TAG 380, LLC v. ComMet 380, Inc.*, 890 N.E.2d 195, 201 (N.Y. 2008). In this case, the agreement states that "[a]ll collection fees, attorney fees, court cost, or any expense involved in the collection of rental charges will be the non prevailing party's responsibility." ECF No. 16-1 at 6. Because the agreement allows the prevailing party to collect attorney's fees, if Plaintiff were to establish liability, it could collect attorney's fees.

However, under New York law, a contractual provision providing for attorney's fees "may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered." *People's United Bank v. Patio Gardens III, LLC*, 38 N.Y.S.3d 262, 264 (N.Y. App. Div. 2016). In determining the reasonableness of fees, the Court must consider "the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of

compensation." *Vigo v. 501 Second St. Holding Corp.*, 994 N.Y.S.2d 354, 356 (N.Y. App. Div. 2014). Ultimately, "the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered." *NYCTL 1998-1 Tr. v. Oneg Shabbos, Inc.*, 830 N.Y.S.2d 763, 764 (N.Y. App. Div. 2007). The party requesting attorney's fees bears the burden to establish the reasonableness of such an award. *CIT Bank, N.A. v. Coombes*, No. 17-cv-5871, 2019 WL 2516729, at *6 (E.D.N.Y. May 23, 2019) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). To this end, the party seeking the award of fees must offer proof of the amount of time spent on services, the customary fee charged for similar services, and the experience, reputation, and education of the lawyers who provided the representation. *See Citicorp Trust Bank, FSB v. Vidaurre*, 65 N.Y.S.3d 237, 239 (N.Y. App. Div. 2017).

In the present case, the only information provided to support Plaintiff's calculation of attorney's fees is a statement in the complaint that says, "reasonable and customary attorney's fees in commercial matters of this sort are commonly in the amount of 25% of the amount owed." ECF No. 16 ¶ 26. The Court cannot make an informed assessment of the reasonable value of the legal services rendered based on this statement alone. To collect attorney's fees, Plaintiff must submit a declaration that details (1) the time spent on services, (2) proof of the customary fee charged for similar services, and (3) proof of the experience, reputation, and education of the lawyers who provided the representation. If Plaintiff files an amended complaint establishing Defendant's liability as a matter of law, it should be prepared to submit this declaration with the requisite information at the hearing to determine damages.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for default judgment (ECF No. 54) is DENIED without prejudice. Plaintiff may amend its complaint by December 2, 2024. If Plaintiff

10

files an amended complaint establishing Defendant's liability as a matter of law, the Court will schedule a hearing to determine the appropriate damages pursuant to Rule 55(b)(2). At the hearing, Plaintiff will be required to present admissible evidence to support its calculation of damages, including any witnesses that can attest to the amount and how the damages were calculated. Plaintiff will also be required to submit a declaration to the Court with the necessary information to determine reasonable attorney's fees.

IT IS SO ORDERED.

Dated: October 16, 2024

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York